IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| XENEX HEALTHCARE SERVICES, LLC, | § § § | No. 5:17-CV-328-DAE |
| Plaintiff, | § § § | |
| vs. | § § | |
| JOHN LaROCHELLE, SOLARIS DISINFECTION, INC., ANGELICA HOLDINGS, LLC, | § § § § | |
| Defendants. | § § § | |

ORDER DENYING MOTION TO STAY DISCOVERY

The matter before the Court is Defendants' Solaris Disinfection, Inc. ("Solaris") and Angelica Holdings, LLC's ("Angelica") Motion to Stay Discovery. (Dkt. # 3.)  Pursuant to Local Rule CV-7(h), the Court finds this matter suitable for disposition without a hearing.  After careful consideration of the memoranda in support of and in opposition to the motion, the Court, for the reasons that follow, **DENIES** the motion.

BACKGROUND

Plaintiff Xenex Healthcare Services, LLC ("Xenex" or "Plaintiff") is a company based in San Antonio, Texas that develops and sells hospital disinfection systems called "Germ-Zapping Robots."  (Dkt. # 1-1 at 2.)  According to Xenex,

these robots use pulsing ultra-violet light waves to kill pathogens and bacteria that cause hospital-acquired infections ("HAI"). (Id.) Xenex contends that its "revolutionary patented technology has given hospitals and other healthcare facilities a highly cost effective and cost-efficient weapon for fighting back against HAIs." (Id. at 3.)

Xenex alleges that it recently learned that Solaris, a company based in Canada, is planning to launch a competing disinfection system. (Dkt. # 1-1 at 3.) According to Xenex, Solaris developed the competing system using stolen confidential information and trade secrets. (Id.) Xenex contends that Solaris and its affiliate, Angelica, obtained this information from Defendant John LaRochelle ("LaRochelle"), who works for a separate company that provides Xenex with certain marketing-related services. (Id.) Xenex asserts that it has shared substantial amounts of confidential information with LaRochelle's employer, subject to carefully negotiated contracts with strict confidentiality obligations and restrictions. (Id.) Despite these restrictions, Xenex alleges that LaRochelle has indicated his intent to leave his current employer and begin work for Solaris, taking Xenex's confidential information and disclosing it to Solaris for use in its new product. (Dkt. # 1-1 at 3.) Xenex also contends that LaRochelle has actively promoted Solaris' new product and encouraged potential Xenex customers to go with Solaris instead. (Id.)

2

On April 5, 2017, Xenex filed suit against LaRochelle, Solaris, and Angelica (collectively, "Defendants"), in the 225th Judicial District Court of Bexar County, Texas.[1] (Dkt. # 1-1.) Xenex's petition alleges claims against Defendants for (1) misappropriation of trade secrets under the Texas Uniform Trade Secrets Act, (2) violation of the Texas Theft Liability Act, (3) conversion, (4) tortious interference with contract, (5) tortious interference with a business relationship, (6) tortious interference with prospective contractual relations, (7) civil conspiracy, (8) Texas common law unfair competition, (9) unjust enrichment, and (10) injunctive relief. (Dkt. # 1-1.)

On April 13, 2017, Solaris and Angelica timely removed the action to this Court on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1332. (Dkt. # 1.) LaRochelle consented to removal. (Dkt. # 3 at 2 n.1.) The same day, Solaris and Angelica filed (1) an expedited motion to dismiss for lack of jurisdiction (Dkt. # 2),[2] and (2) the instant motion to stay discovery (Dkt. # 3). Xenex filed a response to the motion to stay discovery on April 20, 2017 (Dkt. #

---

[1] The same day, the state court entered a temporary restraining order ("TRO") prohibiting Defendants from engaging in the activities alleged in Xenex's petition. (Dkt. # 1-2.) The parties have agreed to extend the TRO until June 30, 2017. (Dkt. # 10.) According to Xenex, a forthcoming application for preliminary injunction will be filed in this Court. (Dkt. # 9 at 2.)

[2] On April 19, 2017, the Court granted Plaintiff's request for an extension of time to respond to the motion to dismiss. The response is due on or before May 11, 2017.

9); Solaris and Angelica filed a reply on April 25, 2017 (Dkt. # 17).  The motion to stay discovery is discussed below.

## LEGAL STANDARD

"District courts have broad discretion in all discovery matters." Seiferth v. Helicopteros Atuneros, Inc., 472 F.3d 266, 270 (5th Cir. 2006). However, the "the issuance of a stay is by no means automatic." United States ex rel. Gonzalez v. Fresenius Med. Care N.A., 571 F. Supp. 2d 766, 768 (W.D. Tex. 2008) (citation omitted).  A district court has discretion to stay discovery "for good cause shown." Fed. R. Civ. P. 26(c).  Good cause may exist if the party seeking the stay demonstrates that "annoyance, embarrassment, oppression, or undue burden or expense" would result absent the stay.  Id.  A stay "may [also] be appropriate where the disposition of a motion to dismiss might preclude the need for discovery altogether thus saving time and expense."  United States ex rel. Gonzalez, 571 F. Supp. 2d at 768 (internal quotation marks omitted); see also Landry v. Air Line Pilots Ass'n Int'l AFL–CIO, 901 F.2d 404, 435–36 (5th Cir. 1990) (upholding the district court's grant of a stay pending the court's ruling on a motion for summary judgment because movants met their burden of showing why the discovery sought would be unduly expensive and burdensome).

ANALYSIS

On the same day it issued a TRO in this case, the state court issued an order granting Xenex's request for expedited discovery, including requests for interrogatories, requests for production, depositions, and a site inspection. (Dkt. # 1-3 at 12.) Solaris and Angelica argue in their motion that a stay of discovery in this case is necessary until the Court rules on their pending motion to dismiss. (Dkt. # 3 at 3.) Solaris and Angelica contend that allowing discovery to continue would be a needless use of time and expense by all parties because neither defendant in this case is subject to personal jurisdiction in Texas. (Id.) Solaris and Angelica also assert that there is no harm to Xenex in granting the motion to stay discovery because the parties have agreed to extend the TRO until such time as the Court can hold a hearing on Xenex's forthcoming application for preliminary injunction. (Id. at 4.)

In response, Xenex contends that a stay of discovery is not appropriate because it needs the already-scheduled discovery, including upcoming scheduled depositions, to adequately respond to the pending motion to dismiss. (Dkt. # 9 at 6.) Specifically, Xenex asserts that limited discovery is necessary in order to determine Defendants' connections to Texas, and whether Defendants have marketed or solicited their products here in Texas. (Id. at 7.) Xenex also contends that Solaris and Angelica lack good cause for the requested stay because, even if

the motion to stay were to be granted, they would be subject to personal jurisdiction in at least several other states.  (Id. at 10–11.)  Therefore, according to Xenex, if the Court dismisses this action, the discovery would still be useful in a new suit against Defendants in a different jurisdiction.  (Id. at 11.)  Xenex further asserts that a stay would unnecessarily delay this litigation because the parties have already made significant progress in completing discovery.  (Id.)

The Court agrees with Xenex's contentions.  "When a district court makes factual determinations decisive of a motion to dismiss for lack of jurisdiction, it must give plaintiffs an opportunity for discovery and a hearing that is appropriate to the nature of the motion to dismiss."  McAllister v. F.D.I.C., 87 F.3d 762, 766 (5th Cir. 1996) (citing Williamson v. Tucker, 645 F.2d 404, 414 (5th Cir.1981), cert. denied, 454 U.S. 897); see also DDB Techs., L.L.C. v. MLB Advanced Media, L.P., 517 F.3d 1284, 1294 (5th Cir. 2008).  Because Xenex has demonstrated a need for limited discovery related to jurisdiction, the Court will allow the parties to conduct discovery as outlined in the state court order. Furthermore, the Court finds there is no good cause shown, from either an efficiency or economic standpoint, for a stay of all discovery in this case until such time as the motion to dismiss is resolved.  Solaris and Angelica have not demonstrated that going forward with discovery prior to the resolution of the pending motion to dismiss would be oppressive, unduly burdensome, or expensive.

6

A stay of discovery to allow the Court to resolve purely legal issues may be warranted in some circumstances, but it is the exception, not the rule.  See Glazer's Wholesale Drug Co., Inc. v. Klein Foods, Inc., 2008 WL 2930482 (N.D. Tex. 2008) (and cases cited therein).  Accordingly, the Court will deny the motion to stay discovery.

CONCLUSION

Based on the foregoing, the Court **DENIES** Solaris and Angelica's Motion to Stay Discovery.  (Dkt. # 3.)

**IT IS SO ORDERED.**

**DATED**: San Antonio, Texas, April 27, 2017.

_____

David Alan Ezra
Senior United States Distict Judge